**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM EBERTO RUIZ-JUAREZ, | No. 11-74008 |
| Petitioner, | Agency No. A078-978-342 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

William Eberto Ruiz-Juarez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Silaya v. Mukasey*, 356 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Ruiz-Juarez failed to show extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R § 1208.4(a)(5). Accordingly, his asylum claim fails.

The record does not compel the conclusion that the harms Ruiz-Juarez and his family suffered in Guatemala amounted to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-20 (9th Cir. 2006) (brief detention and beating did not compel finding of persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1198 (9th Cir. 2003) ("The one incident of physical violence against Hoxha was not connected with any particular threat and there is no evidence indicating that the incident was officially sponsored."). Thus, Ruiz-Juarez is not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Further, substantial evidence supports the agency's finding that Ruiz-Juarez failed to demonstrate it is more likely than not he will be persecuted if he returns to Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018

(9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Ruiz-Juarez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Ruiz-Juarez failed to establish that it is more likely than not he will be tortured if he returns to Guatemala. *See Silaya*, 356 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**